MARK J. CONNOT (10010)
KEVIN M. SUTEHALL (9437)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, #700
Las Vegas, Nevada 89135
(702) 262-6899 tel
(702) 597-5503 fax
mconnot@foxrothschild.com
ksutehall@foxrothschild.com
*Attorneys for Plaintiff Austin Capital Trust Company LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AUSTIN CAPITAL TRUST COMPANY LLC, | Case No.:  3:23-cv-00444-MMD-CSD |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| v. | |
| NORTH BAY CREDIT UNION; CHRIS CALL; CAROLE McCORMICK; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Austin Capital Trust Company LLC ("Plaintiff"), and Defendants North Bay Credit Union, Chris Call, and Carole McCormick (together, "Defendants"), through their counsel of record, as follows:[1]

Plaintiff and Defendants anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, and/or personally or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case. Accordingly, Plaintiff and Defendants request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

---

[1] In entering into this stipulated protective order, Defendants do not waive any of their pending challenges to the First Amended Complaint in this action, including, but not limited to challenges to the Court exercising jurisdiction over Defendants in this action.

1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.    **Applicability of this Protective Order**

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery, and shall govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto (collectively "Discovery Material").

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought. Nonparties may challenge the confidentiality of the protected information by filing a motion in this matter seeking appropriate relief.

2.    **Definitions**

a.    The term "Protected Information" shall mean information (regardless of how it is generated, stored or maintained) or tangible things which the Designating Party believes in good faith constitutes, contains or refers to confidential or proprietary technical, scientific, financial, business, personal, health, or medical information designated as such by the Designating Party that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties.  Protected Information includes documents and items designated as Confidential Information and Confidential – Attorneys' Eyes Only Information pursuant to the terms of this Protective Order.

b.    The term "Confidential Information" shall mean all Protected Information.

c.    The term "Confidential – Attorneys' Eyes Only Information" shall mean any information or item that qualifies as Confidential Information under this Protective Order and

which also contained highly sensitive proprietary, business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party.

d.      The term "Producing Party" shall mean a party in this action that gives testimony, or produces documents or other information and shall mean non-parties who have agreed in writing to be bound by the terms of this Protective Order.

e.      The term "Receiving Party" shall mean the party who receives Discovery Material.

f.      The term "Designating Party" shall mean the party that affirmatively seeks to designate Protected Information pursuant to the terms of this Protective Order.

g.      With respect to Confidential Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, the term "Qualified Recipient" shall mean:

(1)      Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2)      Court officials involved in this action (including Court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)      Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, provided that such individual agree in writing, pursuant to the Disclosure Agreement, attached hereto, to be bound by the terms of this Order;

(4)      Any witness during the course of discovery, provided that such individual either: (1) first executes the Disclosure Agreement attached hereto and thereby agrees to be bound by the terms of this Order; or (2) is stated on the face of each document containing Confidential Information provided to the witness that the witness to whom a party is seeking to disclose the document was either an

3

author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the witness(es) have executed the Disclosure Agreement attached hereto; and (ii) the party seeking disclosure believes it is reasonably necessary that the Confidential Information be shown to the identified witness(es) in connection with the person's service as a witness in this litigation or in connection with assisting the parties in the prosecution or defense of this action; or (iii) during their depositions where disclosure is reasonably necessary for a witness(es) testimony. Nothing herein shall prevent disclosure at a deposition of a document designated Confidential Information to the officers, directors, and managerial level employees of the party producing such Confidential Information, or to any employee of such party who has access to such Confidential Information in the ordinary course of such employee's employment;

(5)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff;

(6)    In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(7)    The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

(8)    Outside experts and consultants such as independent accountants, statisticians, economists, or technical experts, employed in this litigation by a party

4

or its attorneys of record for the purpose of developing a litigation strategy or serving as an expert witness, provided that such individuals agree in writing, pursuant to the Disclosure Agreement, attached hereto, to be bound by the terms of this Order.

h.    With respect to Confidential Information designated as CONFIDENTIAL, the term "Qualified Recipient" shall mean:

(1)    All Qualified Recipients identified in Paragraph 2 (g) herein; and

(2)    Representatives, officers, or employees of a party who are participating in the prosecution or defense of this litigation and the preparation of this case.

**3.    Designated Information**

Discovery Material produced or furnished during the course of this action shall be designated as containing Confidential Information, by placing on each page of each document (whether in paper or electronic form), or each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

**or**

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

a.    A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter appropriately designate the transcript as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY at the time of the deposition, or within 30 days of receipt of the transcript. The Designating Party shall designate only that part of a deposition that contains Confidential Information, rather than the entire deposition.

b.    The Producing Party shall designate its discovery responses, responses to requests for admission or the production of documents, briefs, memoranda, and all other papers sent to the Court or to opposing counsel as containing Confidential Information when such papers are served or sent.

c.    A party shall designate information disclosed at a hearing or trial as Confidential Information by requesting the Court, at the time the information is proffered or adduced, to receive

the information only in the presence of those persons designated to receive such information and Court personnel, and to designate the transcript appropriately.

**4.    Exercise of Restraint**

The parties will use reasonable care to avoid designating any documents or information as Confidential Information that is not entitled to such designation or which is generally available to the public.

**5.    Disclosure and Use of Confidential Information**

Information that has been designated Confidential Information shall be disclosed by the Receiving Party only to Qualified Recipients as set out in Section 6 below.  All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

**6.    Use of Protected Information**

Except as provided herein, Confidential Information shall not be disclosed to anyone other than Qualified Recipients.

a.    In the event that any Receiving Party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind that are served or filed include another party's Confidential Information, the papers must be appropriately designated, redacted if necessary, and filed under seal if necessary, pursuant to any applicable Local Rules of the District of Nevada, including LR IA 10-5 ("Sealed Documents"), LR IC 6-1 ("Redaction"), and LR IC 4-1 ("Service").

b.    All documents, including attorney notes and abstracts, that contain another party's Confidential Information, shall be handled as if they were designated pursuant to paragraph 3.

6

c.      Documents, papers, and transcripts that are filed with the Court and contain any other party's Confidential Information shall be filed in accordance with LR IA 10-5 ("Sealed Documents").

d.      This section 6(d) applies only to instances when a Producing Party elects to make documents available for inspection and copying rather than providing copies to the Receiving Party. In those instances, and to the extent that documents are reviewed by a Receiving Party prior to production, any knowledge learned during the review process will be treated by the Receiving Party as Confidential – Attorneys' Eyes Only Information until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

e.      In the event that any question asked at a deposition may require the disclosure of Confidential Information, such question shall nonetheless be answered by the witness fully and completely. Any confidential information designated as such during a deposition, or within the time allowed following the deposition, shall be afforded the protections of this Protective Order.

f.      Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated Confidential Information to persons not authorized to view such information pursuant to this Protective Order.

**7.      Inadvertent Failure to Designate**

The inadvertent failure to designate information pursuant to paragraph 3 is not, by itself, waiver of the right to designate such information as Confidential Information under the terms of this Protective Order. Promptly upon discovery of any such failure, the Producing Party shall notify the Receiving Party, and all other known recipients, of the inadvertent failure to designate

7

information as Confidential Information. The Receiving Party shall thereafter take reasonable steps to see that the information is treated in accordance with the asserted designation. If the Receiving Party had, prior to receiving notice of the inadvertent failure to designate, disclosed the inadvertently non-designated document to a third party, the Receiving Party shall take all steps reasonably necessary to comply with the terms of this Protective Order as if the Confidential Information had been designated at the time of its initial production.  If the Receiving Party discloses the information inadvertently not designated confidential prior to the Producing Party's notification of its confidentiality, the Receiving Party shall not be subject to any liability.

**8.      Challenge to Designations**

Any party may object to the designation of information as Confidential Information on the grounds that the information does not constitute Confidential Information. Any Receiving Party may disagree with the designation of any information received from the Producing Party as Confidential Information.

a.      The Receiving Party must object in writing and ask the Designating Party to change the designation of a document or documents, stating with particularity the reasons for that request, and specifying the category to which the challenged document(s) should be de-designated. The Parties shall then meet and confer over the challenge to try and resolve any disputes related thereto.

b.      If the Parties are unable to resolve any disputes related to any designation, the Receiving Party may then move the Court for an appropriate order regarding any requested de-designation.

c.      The burden of proving that the designation is proper shall be upon the Designating Party. Any designation shall remain in place unless and until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

d.      No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

8

**9.      Inadvertently Produced Privileged Documents**

a.      The parties acknowledge that regardless of the Producing Party's diligence an inadvertent production of attorney-client privileged, or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a Producing Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the Producing Party may give written notice to the Receiving Party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the Producing Party or destroyed. If a Receiving Party receives a document that obviously appears to constitute or contain privileged information and where it is reasonably apparent that the document was provided or made available through inadvertence, counsel receiving such document shall refrain from examining the same any more than is necessary to ascertain whether the document constitutes or contains privileged information, and shall immediately notify the Producing Party that he or she has received information that appears to be privileged.  In such circumstances, the Producing Party may immediately notify the Receiving Party of the inadvertent production, and request the return or confirmed destruction of the document constituting or containing privileged information.

b.      Any challenges or disputes regarding any designation related to any inadvertently produced documents shall be subject to the procedures set forth in Section 8 herein.

c.      In the event that the Parties are unable to consensually resolve any dispute as to the privileged nature of inadvertently disclosed information, following the conclusion of the meet and confer process described in 9(b) the Receiving Party may file a motion with the Court seeking an appropriate order or other judicial intervention.  If the court upholds the assertion of privilege, the Receiving Party shall immediately return or confirm destruction of all such materials, including any copies and summaries thereof, except as otherwise ordered by the Court.

e.      Where Privileged Information is to be returned or destroyed by the Receiving Party, the Receiving Party shall return the privileged information and all copies and summaries thereof,

or shall certify in writing that such materials have been destroyed.  In such instance the privileged information shall not be used by the Receiving Party for any purpose, in any judicial proceeding, arbitration, mediation, or otherwise.

**10.      Inadvertent Disclosure of Confidential Information**

In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the Producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

**11.      Limitations**

This Order shall be without prejudice to any Party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

**12.      Conclusion of this Action**

At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the Producing Party all materials and documents containing Confidential Information and to certify to the Producing Party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order. After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's Confidential Information. Trial counsel's archive copy shall remain subject to all obligations of this Order. The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law.  Notwithstanding anything herein to the

10

contrary, the deletion of electronic copies of the data of the other party shall be subject to such Receiving Party's routine data backup policies and retention policies, and the deletion of such electronic copies of the data of the other party may occur as such backup media is overwritten and as part of such retention policies.

**13.    Production by Third Parties Pursuant to Subpoena**

Any third-party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as Confidential Information. The parties agree that they will treat Confidential Information produced by third parties according to the terms of this Order. Upon receipt of Discovery Material from any third party pursuant to a subpoena issued by either party, such party must produce the same to all other parties within seven days. Either party may, within 14 days of that party's receipt of such documents, designate any portion thereof as confidential as otherwise provided herein.  During this 14-day period, the parties agree to treat the entirety of such productions as confidential.

**14.    Compulsory Disclosure to Third Parties**

If any Receiving Party is subpoenaed in another action or proceeding or served with a document or testimony demand or a Court order, and such subpoena or demand or Court order seeks Confidential Information of a Producing Party, the Receiving Party shall give prompt written notice to counsel for the Producing Party and allow the Producing Party an opportunity to oppose such subpoena or demand or Court order prior to the deadline for complying with the subpoena or demand or Court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a Court or judicial authority of competent jurisdiction.

**15.    Jurisdiction to Enforce Protective Order**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

**16.    Modification of Protective Order**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

11

17.    **Confidentiality of Party's Own Documents**

Nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

18.    **Miscellaneous**

By their signature upon the stipulation for the entry of this Order and their signatures below, counsel for the Parties signify their understanding of this Order and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of access to and distribution of copies of Confidential Information and to collect or destroy all documents at the conclusion of this litigation as set forth herein. Nothing in this Stipulation shall restrict the right of counsel to any Party in this litigation to retain copies of all pleadings and work files generated in the course of this litigation, including after the conclusion of this litigation.

[Remainder of page intentionally left blank.]

12

**IT IS SO STIPULATED.**

Dated:  July 16, 2024

**FOX ROTHSCHILD LLP**

/s/ Mark J. Connot
MARK J. CONNOT (10010)
KEVIN M. SUTEHALL (9437)
1980 Festival Plaza Drive, #700
Las Vegas, Nevada 89135
mconnot@foxrothschild.com
ksutehall@foxrothschild.com
*Attorneys for Plaintiff Austin Capital Trust Company LLC*

Dated:  July 16, 2024

**BUCHALTER**

/s/ David E. Mark
CHERYL M. LOTT (*admitted pro hac vice*)
DAVID E. MARK (*admitted pro hac vice*)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-1730
clott@buchalter.com
dmark@buchalter.com
*Attorneys for Defendants North Bay Credit Union and Chris Call*

Dated: July 16, 2024

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Sean P. Flynn
SEAN P. FLYNN (SBN 15408)
TOMIKO A. ORTIZ (SBN 16599)
1 East Liberty Street, Suite 424
Reno, NV 89501
sflynn@grsm.com
tortiz@grsm.com
*Attorneys for Defendants North Bay Credit Union, Chris Call, and Carole McCormick*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AUSTIN CAPITAL TRUST COMPANY LLC,<br><br>               Plaintiff,<br>   v.<br><br>NORTH BAY CREDIT UNION; CHRIS CALL; CAROLE McCORMICK; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>               Defendants. | Case No.: 3:23-cv-00444-MMD-CSD<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

I, _____, am employed by _____. In connection with this action, I am a Qualified Recipient (as defined in the Protective Order) because I am_____.

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the matter of *Austin Capital Trust Company LLC, v. North Bay Credit Union; Chris Call; Carole McCormick,* Case No. 3:23-cv-00444-MMD-CSD, pending in the United States District Court for the District of Nevada.

I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any Protected Information, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to Protected Information, I will not in any way disclose, discuss, or exhibit such information except to those person I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return or appropriately destroy, on request, all materials containing Protected Information, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District

of Nevada for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

Date:_____

15

160680227